# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

AHMAD AYYAD AND
YOLANDA AYYAD,

**Plaintiffs,**

v.

LIGHTHOUSE EXCALIBUR INSURANCE
COMPANY AND LOUISIANA
INSURANCE GUARANTY ASSOCIATION,

**Defendant.**

CIVIL ACTION

NO.

## COMPLAINT

**NOW INTO COURT**, **AHMAD AYYAD AND YOLANDA AYYAD** (the "Plaintiffs"), by and through their undersigned counsel, hereby issues her Original Complaint against **LIGHTHOUSE EXCALIBUR INSURANCE COMPANY** ("LIGHTHOUSE EXCALIBUR" or "Defendant") and **LOUISIANA INSURANCE GUARANTY ASSOCIATION** ("LIGA") and alleges, upon information and belief, the following:

### PARTIES

1.

The parties herein are:

Plaintiff, **AHMAD AYYAD,** is a natural person of the full age of majority who is domiciled in Jefferson Parish, Louisiana;

Plaintiff, **YOLANDA AYYAD**, is a natural person of the full age of majority who is domiciled in Jefferson Parish, Louisiana; and

Defendant, **LIGHTHOUSE EXCLAIBUR INSURANCE COMPANY**, incorporated in and organized under the laws of Florida, with its principal place of business located in Florida,

was licensed to do business and was doing business in the State of Louisiana at the time of Hurricane Ida and could be served through its registered agent of service of process via the Louisiana Secretary of State. **LIGHTHOUSE EXCLAIBUR** was an admitted insurer authorized to do, and doing business, in the State of Louisiana at the time of Hurricane Ida.

2.

**LOUISIANA INSURANCE GUARANTY ASSOCIATION** is a private association of insurance companies established in the State of Louisiana who may be served through its agent for service of process: Deidre Arceneaux, Claims Manager, 2142 Quail Run Drive, Baton Rouge, Louisiana 70808.

3.

**LIGHTHOUSE EXCLAIBUR** was placed into receivership on April 5, 2022.

4.

**Louisiana Insurance Guaranty Association** is a nonprofit unincorporated legal entity created for the purpose of payment of covered claims for certain insolvent insurers under liquidation, in this instance, the guarantor of **LIGHTHOUSE EXCLAIBUR**, which may be served through its agent for service of process, Deidre Arceneaux, 2142 Quail Ru Drive, Baton Rouge, Louisiana, 70708.

**JURISDICTION AND VENUE**

5.

Jurisdiction is proper in this Court pursuant to 28 U.S. C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

6.

This Court has personal jurisdiction over **LIGHTHOUSE EXCLAIBUR** because at all times relevant, it has engaged in substantial business activity in the State of Louisiana, including transacting, soliciting and conducting business within the State of Louisiana.

7.

Venue is proper in this case in the United States' Eastern District Court of Louisiana because this suit concerns real and personal property located in this judicial district and this is where a substantial part of the events took place, pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

8.

**LIGHTHOUSE EXCLAIBUR** insured the Plaintiffs' property located at 705 Marlene Drive, Gretna, Louisiana 70056, under Policy No. LADS000196 which was in full force and effect on August 29, 2021.

9.

Hurricane Ida struck the Gulf Coast including New Orleans, Louisiana on August 29, 2021, making landfall around 11:55 A.M. on August 29, 2021, near Port Fourchon, Louisiana, as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

10.

The above property was damaged as a result of winds associated with Hurricane Ida.

11.

Defendant was notified of the loss to the Plaintiff's home located at 705 Marlene Drive, Gretna, Louisiana 70056, and was provided with satisfactory proof of loss when it was given full access to inspect all damages at the insured property without limitation.

12.

The inspection by the independent adjuster was a sufficient investigation of the claim as it fully apprised the Defendant of the nature and extent of the damages to the Plaintiffs' home, thereby constituting satisfactory proof of loss, pursuant to La. R.S. 22:1892. See also, *Sevier v. U.S. Fid. Guar. Co.*, 497 So. 2d 1380 (La. 1986).

13.

The subject policy required the Plaintiffs to make payments to the insurer and in exchange, the insurance company would indemnify the Plaintiff in the event of a covered loss.

14.

A windstorm, and specifically, Hurricane Ida, is a covered loss pursuant to the subject policy.

15.

The Plaintiffs faithfully paid the required premium, and the relevant policy is currently in full effect, providing property, personal property, loss of use and other coverages.

16.

**LIGHTHOUSE EXCLAIBUR** received the application for insurance and accepted the risk for insurance and bound coverage prior to the time Hurricane Ida struck the Plaintiffs' home.

17.

Plaintiffs have received an estimate from the Defendant, which misrepresented the extent and nature of the damage to her home and underestimated the amount needed to repair their home.

18.

Platinum Public Adjusters, the public adjuster retained by the Plaintiffs, prepared an estimate of the damages to the Plaintiff's home. The estimate approximated damages in the amount of $336,131.70. This estimate along with objective photographs of the damages were provided to **LIGHTHOUSE EXCLAIBUR**.

## CAUSES OF ACTION
**(Count I – Breach of Contract)**

19.

Plaintiffs adopt and re-allege each allegation contained in this Petition as if set out anew herein.

20.

As set forth above, Plaintiffs entered a contract of insurance with **LIGHTHOUSE EXCLAIBUR** that provides coverage for the damages claimed pursuant to the relevant insurance claim subject to this matter.

21.

Plaintiffs have performed all conditions, covenants and promises required to be performed in accordance with the terms and conditions of the Policy.

22.

**LIGHTHOUSE EXCLAIBUR** agreed and was legally and contractually obligated to reasonably investigate the loss, provide a reasonable and timely coverage determination and compensate the Plaintiffs for all covered losses.

23.

Defendant was required to conduct a reasonable, adequate, and diligent investigation of any claims made by the Plaintiffs. **LIGHTHOUSE EXCLAIBUR** has failed to conduct such an investigation and issue payment for all covered losses.

24.

Defendant has failed to make full payment to the Plaintiffs despite being given the full value of the cost of repairs to the Plaintiff's home.

25.

Defendant's failure to promptly pay for the Plaintiffs' covered damages is a breach of the terms and conditions of the Policy and contrary to Louisiana Law.

26.

As a direct and proximate result of the breach by Defendant, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this Court, according to proof.

**(Count II – Breach of Duty of Good Faith and Fair Dealing/Violations of L.A. R.S. §1973)**

27.

Plaintiffs adopt and re-allege each allegation contained in this Petition as if set out anew herein.

28.

La. R.S. §22:1973(A) provides: "An insurer, including but not limited to a foreign line surplus line insurer, owes to her insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

29.

La. R.S. § 22:1973(B) provides: "Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such a failure is arbitrary, capricious, or without probable cause.
>
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such a failure is arbitrary, capricious, or without probable cause."

30.

Plaintiffs allege and maintain that Defendant's conduct, as set forth in this Complaint, was and continues to constitute a breach of Defendant's duty of good faith and fair dealing and its duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured." In particular, Defendant:

(a) Misrepresented pertinent facts and insurance policy provision to the Plaintiffs;

(b) Failed to reasonably investigate and evaluate the coverages owed for the Plaintiffs' claim;

(c) Undervalued the Plaintiffs' claims;

(d) Failed to and continues to fail to adequately and timely communicate with the Plaintiff causing unnecessary delays, duplicative work, and additional expenses for the Plaintiffs;

(e) Failed to timely pay the requisite amounts owed under the Policy;

(f) Failed to timely make an unconditional tender of the undisputed amounts owed under the Policy;

(g) Refused to pay the undisputed amounts of the claim;

(h) Failing to conduct a reasonable investigation including failing to pay for covered damages when liability for the claim is reasonably clear;

(i) Acknowledged the coverage obligations owed to the Plaintiffs but refused to provide coverage to the Plaintiffs;

(j) Unreasonably delayed the resolution and payment of claims made by the Plaintiffs under the Policy after submission of the required proofs of loss;

(k) Unreasonably withheld monetary payment of policy benefits under the Policy to the Plaintiffs;

(l) Failed to provide the Plaintiffs with any reasonable or justifiable basis for withholding policy benefits from the Plaintiffs;

(m) Compelling its insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

(n) Failing to give equal consideration to the interests of the insureds as opposed to their own interest;

(o) Ignoring evidence submitted by or for the insured that supports payment of the claim;

(p) Speculating to deny or underpay the full amount of damages necessary to indemnify the insured; and

(q) Engaged in conduct prohibited by La. R.S. § 22:1964(14).

31.

As a direct and proximate result of Defendant's conduct, Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, litigation, investigation and other costs and expenses in excess of the jurisdictional limit of this Court, according to proof.

32.

La. R.S § 22:1973(C) provides: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

33.

In addition to the claimed loss and damage as set forth above, Plaintiffs seek penalties under La. R.S. § 22:1973(C) for Defendant's acts or omissions as set forth herein.

**(Count III – L.A. R.S. § 22:2051-22:2071)**

34.

Plaintiffs seek recovery of covered claims pursuant to La. R.S. § 22:2051-22:2071.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs, **AHMAD AYYAD AND YOLANDA AYYAD**, pray for judgment against the Defendant as follows:

(1) For compensatory, general and all consequential damages, according to proof;

(2) For all damages sustained and statutory penalties pursuant to La. R.S. §§ 22:1973(C) and 22:1892(B)(1), (C)(3);

(3) For attorneys' fees and costs;

(4) For experts' fees and costs;

(5) For mitigation, investigation and other costs and expenses;

(6) For all legal interest, according to proof; and

(7) For all such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

**PLAINTIFFS DEMAND TRIAL STRUCK BY JURY ON ALL CLAIMS TO TRIABLE.**

Respectfully submitted on this 28th day of March 2023,

By: *Elise B. Barimo*
**ELISE B. BARIMO, Esq.**
LA Roll No.: 40268
**Kandell, Kandell & Petrie, P.A.**
2665 S. Bayshore Drive, Suite 500
Miami, Florida 33133
Telephone: (305) 858-2220
Fax: (305) 858-2722
Email: elise@kkpfirm.com; lagroup@kkpfirm.com
Service: pleadings@kkpfirm.com

**Service will be made on Defendant**
**LOUISIANA INSURANCE GUARANTY ASSOCIATION**
Through Deidre Arceneaux, Claims Manager
2142 Quail Run Drive
Baton Rouge, Louisiana 70808